# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON C. SHEPPARD,

    Plaintiff,

v.

BRENDAN T. CONWAY and GARY EVAN GERSON,

    Defendants.

Civil Action No. 15-1589
Judge David Stewart Cercone/
Chief Magistrate Judge Maureen P. Kelly

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Plaintiff's Complaint be dismissed before being served upon the Defendants because the Complaint fails to state a claim upon which relief can be granted.

### II. REPORT

At the time of the initiation of the present civil action, Jason C. Sheppard ("Plaintiff") was a prisoner, incarcerated at the Allegheny County Jail. Plaintiff is apparently both a convicted prisoner with respect to U.S.A. v. Sheppard, No. 10-CR-119 (W.D. Pa.) and a pre-trial detainee with respect to U.S.A. v. Sheppard, No. 13-CR-278 (W.D. Pa.). Plaintiff names as defendants herein, Brendan T. Conway, the Assistant United States Attorney who was the prosecutor in No. 10-CR-119 ("Conway") and Gary Evan Gerson ("Gerson"), Plaintiff's defense counsel for a time in No. 10-CR-119. Because Plaintiff's allegations in the Complaint necessarily call into question the validity of his conviction, the present lawsuit is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

A. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A, to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to

2

the legal standard employed in ruling on 12(b)(6) motions."); Montanez v. Pa. Health Care Service Staffs, Civ.A. No. 09-1547, 2011 WL 7417026, at *2 (W.D. Pa. Dec. 14, 2011), *report adopted by*, 2012 WL 602938 (W.D. Pa. Nov. 23, 2012).

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001).  The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Twombly, 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**B. DISCUSSION**

**1. The Allegations of the Complaint**

Plaintiff's Complaint alleges wrongdoing by the Defendants. Specifically, Plaintiff alleges that:

> Brendan Conway devised a scheme to indict me by utilizing a witness whom was represented on a D.U.I. charge by my civil attorney, and have the civil attorney counsel the witness to work against me in order to indict me and grant relief for the witness's D.U.I. Conway then permitted the civil counsel (Gary Evan Gerson) to represent me in CR-10-119 knowing Gerson was disloyal to me and was loyal to the witness and helped secure the indictment against me all in violation of the 5th [and] 6th Amendment. I am continually imprisoned due to their scheme, case-fixing fraud and ethics violations, and have been for nearly 4 years.

ECF No. 3 at 2. By way of relief, Plaintiff asks this court to "release me from custody, reimburse me for losses incurred and illegal imprisonment, refer Conway's and Gerson's actions for prosecution to a Grand Jury." Id. at 3.

4

It is clear from the foregoing allegations that if Plaintiff were successful in establishing his contentions i.e., that his prosecutor engaged in prosecutorial misconduct and fraud and conspired with Plaintiff's criminal defense attorney to falsely indict Plaintiff and that his criminal defense attorney operated under an actual conflict of interest, the validity of Plaintiff's convictions in No. 10-CR-119 would necessarily be called into question. Plaintiff's claim against Defendant Conway is essentially that he engaged in prosecutorial misconduct by causing a wrongful conviction. Such a claim self-evidently calls into question the validity of Plaintiff's conviction. As does Plaintiff's claim that his defense counsel rendered ineffective assistance of counsel or operated under an actual conflict of interest. See, e.g., Holmes v. Dreyer, 431 F. App'x 69, 70-71 (3d Cir. 2011) ("Holmes's claims regarding prosecutorial misconduct, malicious prosecution, and ineffective assistance of counsel imply the validity of his conviction and thus are not cognizable under *Heck*.").

Because all of Plaintiff's claims necessarily call into question the validity of his conviction, he is barred from proceeding with this civil rights action by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck 512 U.S. at 486-87 (footnote omitted).

Because success in establishing that the Defendants wrongfully obtained a conviction of Plaintiff, by allegedly conspiring together and by his counsel operating under an actual conflict of interest in the course of the criminal proceedings in No. 10-CR-119, the reasoning of Heck, renders Plaintiff's claims non-cognizable in this action absent an invalidation of those convictions. See, e.g., Abella v. Rubino, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction.'"); Zhai v. Cedar Grove Municipality, 183 F. App'x 253, 255 (3d Cir. 2006) ("Zhai's conspiracy claims under 42 U.S.C. §§ 1985-1986 are based on her allegation that the officers, prosecutor, and judge conspired to bring false charges to secure a release for any civil liability resulting from the incident. However, these claims are barred, along with her challenges to the guilty plea itself, by *Heck v. Humphrey*"); Perez v. Sifel, 57 F.3d 503 (7th Cir. 1995) (per curiam) (Heck barred § 1983 action charging conspiracy to procure conviction through perjury, falsifying evidence, and withholding exculpatory evidence).

## III. CONCLUSION

Accordingly, because all of Plaintiff's claims against Defendants Conway and Gerson necessarily call into question the validity of his conviction, and because his conviction has not been otherwise called into question by any of the methods required by Heck, the rule of Heck

6

bars these claims and requires that they be dismissed before service pursuant to the PLRA's screening provisions for failure to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

> Respectfully submitted:
>
> s/Maureen P. Kelly
> MAUREEN P. KELLY
> CHIEF UNITED STATES MAGISTRATE JUDGE

Date: February 17, 2016

cc: The Honorable David Stewart Cercone
United States District Judge

JASON C. SHEPPARD
#155709
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219